# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK of AMERICA N.A., | Case No.: 2:16-cv-02759-RFB-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| EMERALD RIDGE LANDSCAPE MAINTENANCE ASSOCIATION, et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the Court is Defendant SFR Investments Pool 1, LLC's ("SFR") Motion for Default Judgment. ECF No 77. For the following reasons, the Court grants this motion.

## II.   PROCEDURAL BACKGROUND

Bank of America, N.A. ("BANA") filed its complaint against SFR, Emerald Ridge Landscape Maintenance Association, and Red Rock Financial Service on December 2, 2016. ECF No. 1. On January 27, 2017, SFR answered and asserted crossclaims against U.S. Bank Trust, N.A. ("U.S. Bank") and counter-claims against BANA. ECF No. 28. U.S. Bank was served with SFR's Answer with crossclaims on April 29, 2019. ECF No. 55. On May 7, 2019, SFR filed a Motion for Entry of Clerk's Default as to U.S. Bank and it was entered on May 8, 2019. ECF Nos. 59, 60. On October 17, 2019, the Court stayed this case until the Nevada Supreme Court issued a decision in the case Bank of America, N.A. v. Thomas Jessup, LLC Series VII; the Court also ordered that the case will be dismissed without prejudice if dispositive motions are not refiled within 30 days after the stay is lifted. EC No. 75. On December 5, 2019, SFR filed a notice regarding the Nevada Supreme Court decision. ECF No. 76. On May 21, 2020, SFR filed a Motion for Default Judgment

against U.S. Bank and there was no opposition filed. ECF Nos. 77,78.

**III.    LEGAL STANDARD**

The granting of a default judgment is a two-step process directed by Rule 55 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55; Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471–72.

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

**IV.    DISCUSSION**

In considering the seven Eitel factors, the Court finds default judgment against U.S. Bank is warranted. The first and sixth factors favor granting default judgment because the Cross-Defendant failed to defend—or appear at all in this matter—since being served with the summons and SFR's Answer. U.S. Bank's failure to appear for the past three years prejudices SFR by preventing it from determining injunctive relief against U.S. Banks. Further, U.S Bank's failure to appear for a substantial period of time demonstrates the lack of excusable neglect. And while the seventh factor generally counsels against the granting of default judgment, U.S. Bank's failure to appear prevents the Court from determining the cross-claims on its merits.

The second and third factors also favor a grant of default judgment. SFR seeks quiet title and injunctive relief against U.S. Bank. There are sufficient exhibits attached to this instant motion demonstrating SFR is entitled to the relief requested. Thus, SFR has demonstrated its claims are meritorious.

Finally, there is no money at stake to counsel against the grant of default judgment. Thus, the Court finds the Eitel factors favor the grant of default judgment against Cross-Defendant.

**V. CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant SFR Investments Pool 1, LLC's Motion for Motion for Default Judgment (ECF No. 77) is GRANTED.

**IT IS FURTHER ORDERED** that the County Recorded for Clark County, Nevada is directed to expunge the notice of lis pendens recorded by Plaintiff Bank of America, N.A., on the property located at 752 Jaded Emerald Court, Las Vegas, NV 89183; 177-27-112-006.

**IT IS FURTHER ORDERED** that the County Recorded for Clark County, Nevada is directed to expunge the notice of lis pendens recorded by Defendant SFR Investments Pool 1, LLC on the property located at 752 Jaded Emerald Court, Las Vegas, NV 89183; 177-27-112-006.

DATED: March 30, 2021.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**